UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim **No. 1:18CR10261** |
| ) | |
| JAMES HARDY ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

**BACKGROUND**

James Hardy is a 52-year-old man accused of selling 3.3 grams of cocaine base and 5 grams of fentanyl. Mr. Hardy is a low-end "street-level" drug dealer. He has struggled with substance abuse himself since age 13 and has historically sold drugs to feed his own drug addiction.

Mr. Hardy has been exposed to substance abuse his entire life. His mother was an alcoholic and ultimately died as a result of complications from her alcoholism. Mr. Hardy himself started abusing substances at age 13. He suffers from a litany of health problems, including high blood pressure, hypertension, respiratory problems, diabetes and sleep apnea. Recently, medical services found a nodule on his lung that is being monitored to make sure that it does not increase in size.

For the reasons that follow, Mr. Finch submits that a sentence of 15 months imprisonment, with a one-year period of supervised release that includes specific conditions to address his ongoing substance-abuse problems is consistent with the factors set forth in 18 U.S.C. § 3553 (a) and will result in a sentence that is sufficient, but not greater than

necessary, to effectuate the purposes of sentencing.  United States v. Kimbrough, 128 S.Ct. 558 (2007); United States v. Booker, 125 S.Ct. 738 (2005); United States v. Martin, 520 F.3d 87 (1st Cir. 2008); United States v. Rodriguez, 527 F.3d 221 (1st Cir. 2008).

**ARGUMENT**

The Sentencing Guidelines are no longer binding on the Court. United States v. Booker, 125 S.Ct. 738 (2005).  Instead, under 18 U.S.C. § 3553 (a), the Court should impose a sentence that is "sufficient but not greater than necessary" to achieve the four purposes of sentencing set forth in Section 3553(a)(2).  In so doing, a sentencing court "may not presume that the Guidelines range is reasonable" but, instead must, using the factors set forth in § 3553 (a), "make an individualized assessment based on the facts presented."  Gall v. United States, 128 S.Ct. 586, 596 (2007).  Thus, district courts are now permitted to and, in the appropriate case, directed to consider whether disagreement with the Sentencing Commission's underlying policy results in a sentence that is unreasonably high.  Kimbrough, supra, 128 S.Ct. at 575; United States v. Boardman, 528 F.3d 86 (1st Cir. 2008); Martin, supra, 520 F.3d at 93-94.

The First Circuit has stressed that Kimbrough requires a "more holistic inquiry" than simply relying on the sentencing guidelines and that "section 3553 (a) is more than a laundry list of discrete sentencing factors; it is, rather, a tapestry of factors, through which runs the tread

2

of an overarching principle." <u>United States v. Yonathan Rodriguez</u>, 527 F.3d 221, 228 (1st Cir. 2008). That overarching principle is to "impose a sentence sufficient but not greater than necessary." <u>Id.</u> In reaching a decision on what constitutes an appropriate sentence, the district court should "consider all the relevant factors" and "construct a sentence that is <u>minimally</u> sufficient to achieve the broad goals of sentencing." <u>Id.</u> (Emphasis added).

In this case, a sentence of 15 months is at the low end of the sentencing guidelines and would serve the interests of justice, if his drug weight were calculated at 8 grams or less. His combined drug weight under the Drug Analysis Reports provided by the government is 8.3 grams, which is only .3 grams from the dividing line of 8 grams. This changes the Total Offense Level from 12 to 13 and results in an additional period of incarceration of 9 months for such a small amount of drugs in a single street-level sale. Specifically, the range on the Guidelines table is 24-30 months for Offense Level 13, and only 15-21 months for Offense Level 12 with Mr. Hardy's History Level of IV.

    **1.**    **The Nature and Circumstances of the Offense and the History and Characteristics of the Offender**

    **(a) Nature and Circumstances of Offense**

The offense conduct here arises from largely from drug addiction. Mr. Hardy has struggled with substance abuse and addition since age 13. He was arrested for selling 3.3 grams of cocaine base and 5 grams of fentanyl. In his past, he has always been a low-level "street-level" drug

3

dealer who has sold drugs in order to support his own drug habit. Although Mr. Hardy was not using narcotics at the time of his arrest, he was abusing alcohol, ironically while being prescribed and taking Vivitrol. Mr. Hardy has grown up under the shadow of substance abuse highlighted by a mother who ultimately died from alcoholism. He has a host of health problems, many of which are related to and complicated by his substance-abuse problems.

Although it in no way excuses his conduct, it helps to put his conduct into perspective by examining some of the details of his charged offense. He sold relatively small amounts of cocaine base and fentanyl to Jamin Smith, who was his life-long friend from when they were 7 years old. Mr. Smith hounded him, calling him 27 times to sell him drugs, with Mr. Hardy refusing to do until he finally relented after the 27th request. Mr. Smith was not only his personal friend, but a friend of the family and a friend to Mr. Hardy's son. He truly regrets caving in to the persistent pattern of requests, allowing his judgment to give way to his empathy for his friend's unabated drug cravings.

### (b) Hardy's History and Circumstances

Mr. Hardy is a 52-year-old man whose criminal record reflects a history of low-level drug dealing. He has grown up in an environment where substances were abused and has himself struggled with addiction since he was 13 years old. Substance abuse has led to the loss of his mother and to his own health problems.

4

Mr. Hardy has a number of positive goals. He wants to return to inpatient drug treatment at the Hope House upon his release to ensure his sobriety. Before his arrest, he had completed the Askia Academy drug program and had graduated to the John Flowers Recovery Home half-way house and was doing out-patient drug treatment. He had even started volunteering his time and was helping to do program commitments at the Boston Medical Center and the Suffolk County House of Correction. He likes helping to get other people clean and sober of their addictions. Another of his goals is to complete the coursework to become a licensed Drug Addiction Counsellor at the University of Massachusetts in Boston. He had applied for admission to this coursework, but it was derailed by his arrest. He is also working hard to improve his credit score with the future hope of one day being able to open his own sober house. Prior to his arrest, he was working full-time hours through the Cystic Fibrosis Foundation as a Personal Care Aide and driving patients to their appointments. Besides being noble work, it provided stable, honest work and substantial job skills upon which he can rely after his release.

Given his history and the nature of the offense at issue, a sentence of 15 months will be sufficient, but not greater than necessary, to effectuate the sentencing goals of 18 U.S.C. § 3553 (a).

    2.    **The Need for the Sentence Imposed to Promote Certain Statutory Objectives:**

        **(A)**    **to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense**

The offense conduct here relates to the sale of 3.3 grams of cocaine base and 5 grams of fentanyl. A sentence of 15 months will fairly balance the nature of his offense with his history and take into consideration his extremely disadvantaged youth.

**(B)** **to afford adequate deterrence to criminal conduct**

Mr. Hardy is struggling with drug and alcohol addiction and with a pattern of relapses. He has historically sold drugs to feed his own addiction. Mr. Hardy wishes to be free from the devastating effects of addiction, but has been fighting a losing battle against his addiction. Substance abuse not only took away his mother, but has severely complicated his own health. His only desire at this point after his release is to have the opportunity to achieve sobriety again through an intensive in-patient drug program with the profound hope that this time his sobriety will be long lasting. Mr. Hardy is hoping to enter the Hope House upon his release from prison. The Hope House is a certified and widely-respected program among all of the courts in Massachusetts and combats drug addiction through a number of prongs, including group therapy, individual therapy, relapse education classes and counselling. He further hopes to be able to go back to helping other addicts achieve their own sobriety. As a matter of general deterrence, the efficacy of a sentence longer than 15 months is unsupported.

c) **A Compassionate and Fair Sentence is Consistent with the Factors Set Forth in 18 U.S.C. § 3553 (a) and Will Result in**

**a Sentence that is Sufficient, but Not Greater than Necessary, to Effectuate the Purposes of Sentencing**

The Court has broad discretion to craft a sentence consistent with the sentencing goals expressed in 18 U.S.C. § 3553 (a).  Martin, supra, 520 F.3d at 88-96 (approving 91 month downward variation from career offender guideline; "Kimbrough…opened the door for a sentencing court to deviate from the guidelines in an individual case even though that deviation seemingly contravenes a broad policy pronouncement of the Sentencing Commission.")  See also U.S. v. Bryant, 571 F.3d 147, 153 (1st Cir. 2009)(§ 3553 (a) (factors, in context of "enormous" disparity between career offender and otherwise applicable guideline, justified variance).  That discretion is at its apex where a particular guideline appears poorly supported empirically, perhaps suggesting an abdication of the Sentencing Commission's institutional role; in such a case the sentencing court's institutional advantage makes it far better suited to craft a just sentence.  Kimbrough, supra 128 S.Ct. at 567, 574.  See also Gall, 128 S.Ct. at 598 (recognizing institutional advantage of experienced district court judges who "see so many more Guidelines sentences than appellate courts do")(citing Koon v. United States, 518 U.S. 81 (1996)).

This Court should consider imposing a sentence of no higher than 15 months imprisonment and one year of supervised release.

## CONCLUSION

For the foregoing reasons, this Court should impose a sentence of 15 months imprisonment with a one-year period of supervised release

with the specific conditions that mandate in-patient treatment for drug addiction at the Hope House.

                        Respectfully Submitted,
                        James Hardy
                        By his counsel,

Date: 4/4/2019                       /s/ Paul J. Davenport_____
                                     Paul J. Davenport, Esq.
                                     BBO #639821
                                     Jeruchim & Davenport, LLP
                                     50 Congress St., Suite 615
                                     Boston, MA  02109
                                     (617) 720-6047

## *CERTIFICATE OF SERVICE*

    I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on April 4, 2019.

Date: 4/4/2019                       /s/ Paul J. Davenport_____
                                     Paul J. Davenport, Esq.