UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 18-10261-RGS

UNITED STATES OF AMERICA

v.

JAMES HARDY

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION
FOR REDUCTION OF SENTENCE

June 26, 2020

STEARNS, D.J.

The authority of a trial court to reduce the sentence of a committed prisoner, unlike in the case of a pretrial detainee, is tightly circumscribed. A sentence once imposed may not be modified except to the extent permitted by Rule 35 of the Federal Rules of Criminal Procedure. *See* 18 U.S.C. § 3582(c). However, there is a recently enacted exception. Under 18 U.S.C. § 3582(c)(1)(A), a district court, on the motion of the Director of the Bureau of Prisons or a defendant who has exhausted his prescribed administrative rights, may order a compassionate reduction of sentence: (1) on a finding of "extraordinary and compelling reasons"; or (2) on findings that apply to mostly elderly long-term inmates suffering from terminal or self-debilitating illnesses and who, as a result, are no longer deemed a danger to the safety of any person or the community. Hardy, who is in his mid-50s and has served

less than half of his committed sentence, does not fit the eligibility criteria that apply to the second statutory category of inmate.[1]

In his renewed motion,[2] Hardy asks that his cumulative 66-month committed sentence be reduced to house arrest because of the threat of infection posed by the COVID-19 virus in a prison setting. Although Hardy claims to be at medical risk, most of his ailments are not uncommon for

---

[1] Hardy was sentenced by this court to serve 48 months, a substantial reduction from the minimum Guidelines recommended sentence of 151 months, after he pled guilty to one count of distribution of fentanyl and cocaine base. The court based the reduction on Hardy's age and two-year effort to return himself to sobriety. At the time of this offense, Hardy was on supervised release because of an earlier sentence imposed by Judge Zobel on a similar charge of drug distribution. (Judge Zobel subsequently sentenced Hardy to an additional 18 months to be served consecutive to this court's sentence for the violation of conditions of release.) Hardy has a serious and violent criminal record dating back to his teenage years which includes convictions for robbery, breaking and entering, masked arm robbery, assault, and firearms offenses. The government fairly points out that Hardy "has spent most of his adult life committing serious crimes and surviving lengthy prison sentences." Gov't.'s Mem. at 10. I agree with the government's contention that Hardy's release into the community would pose a threat to the safety of the public despite his health conditions and advancing age.

[2] The court declined to rule on the initial motion (filed April 19, 2020) for a failure to show exhaustion of the available administrative remedy (a request for a reduction of sentence made to the Bureau of Prisons), which the court deems to be a mandatory prerequisite to the exercise of its jurisdiction under the compassionate release statute. *See* Dkt # 966. *See also United States v. Alam*, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). The necessary showing of exhaustion has since been satisfied. *See* Def.'s Mot. at 2.

someone his age and prior lifestyle.  His complaints include hypertension, gastro-esophageal reflux disease, sleep apnea, and (more concerning) diabetes and asthma.  The gravamen of his complaint is that conditions at FCI Fort Dix where he is confined make it difficult for him to avoid persons who may become infected, to maintain social distancing, and to properly clean the C-PAP machine that he uses for his apnea.  While these are understandable concerns, they are not "extraordinary and compelling."

Second, I find the release plan put forward by Hardy's counsel to be too thinly sketched for the court to properly evaluate.  Hardy proposes to live with, and be supervised by, an aunt at an undisclosed location, presumably in the Boston area – that is the extent of the plan.  The court has no assurances that Hardy's release would not literally return him to the scene of his many crimes or to a setting in which medical services comparable to those to which he has access at Fort Dix would no longer be available.

While I am as concerned as any judge with the impact of COVID-19 on the prison population, unless society is to make the decision that all prisoners should be released because of the pandemic, there must be a means of differentiating those eligible for release from those who are not.  In setting the conditions that justify compassionate release, Congress made its best effort to provide judges with the tools they need to make these difficult and, at times, heart-wrenching decisions.[3]  Hardy does not meet any of

---

[3] Congress, in addition to the quantitative criteria set out in §

mandated eligibility criteria and, therefore, is not a candidate for compassionate release.

Because I can foresee no circumstances under which Hardy could be deemed eligible at present for compassionate release, I also see no reason for a hearing on the matter.

ORDER

For the foregoing reasons, the Motion for an Emergency Reduction of Sentence is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G Stearns_____
UNITED STATES DISTRICT JUDGE

---

3582(c)(1)(A)(ii), directs courts to those set out in the Bail Reform Act and the policy statements of the United States Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2). As I have previously noted, I think Chief Justice Gants of the Massachusetts Supreme Judicial Court summarized the considerations admirably in reminding us that "in conducting . . . de novo review [of a detention decision], a judge must give careful consideration not only to the risks posed by releasing the defendant – flight, danger to others or to the community, and likelihood of further criminal acts – but also, during this pandemic, to the risk that the defendant might die or become seriously ill if kept in custody." *Christie v. Commonwealth*, 484 Mass. 397, 398 (2020). The Chief Justice's admonition is equally pertinent in weighing a motion for compassionate release. Here it is the community that bears the greater risk should Hardy be released.

4